If our law does not allow a trial court to modify custody on a trial basis, a trial court's order doing so may be challenged in an appellate court, if necessary, by means of a petition for a writ of mandamus. If such an order is not successfully challenged, however, the resulting placement, through no fault of the child, inextricably becomes part of the child's real-life experience. In thereafter reaching a final judgment as to the permanent placement of the child, the trial court's duty is to determine the child's best interest. The trial court must consider all of the competent evidence available to it in this regard. If events occur or facts develop during the course of the temporary placement of the child that shed light on the proper choice of a permanent custodian for the child, the trial court has a duty to consider those facts.
That the trial court considered evidence of such facts in the present case does not warrant the conclusion reached in the main opinion that the trial court "impermissibly shifted the burden of meeting the McLendon *Page 1156 
standard to the mother." 897 So.2d at 1155. Indeed, the mother does not argue that the McLendon burden was shifted to her in her initial brief to this court.[3]
What the mother does argue in her brief is that the trial court failed to apply the McLendon standard altogether. It does not appear to me from my review of the record, however, that the trial court either shifted the McLendon "burden" to the mother or failed to apply the McLendon standard. To the contrary, in its June 4, 2003, order, the trial court specifically found that there had been a material change of circumstances since earlier judgments in this case had been entered and that, in regard to the change in child custody it was ordering, "the positive good brought about thereby will more than offset the inherently disruptive effect that is caused." This finding was repeated in the trial court's October 2, 2003, judgment. Based on the record, including the comments made by the trial court at the end of the hearing conducted on May 30, 2003, and the statements and findings of the trial court in its written order of June 4, 2003, and in its October 2, 2003, judgment, I cannot conclude that this court is justified in looking behind the trial court's own explanation of the analysis in which it engaged.
Given the deference afforded the trial court under the ore tenus standard, I cannot say that the record does not contain substantial evidence supporting the trial court's final judgment in this case. Accordingly, I see no alternative but to dissent, and I respectfully do so in what is admittedly a very difficult case, especially as it relates to the younger child at issue.
[3] Although the mother also filed a "Reply Brief," she did so despite the fact that the father did not file an appellee's brief with this court.